Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50107 | **DATE** | 3/23/2012 |
| **CASE TITLE** | Hertz vs. Village of Prairie Grove, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the motion to strike Rule 404(b) evidence without prejudice. The request for additional discovery is granted in accordance with this order.

*Philip G. Reinhard*

■ [ For further details see text below.]

Electronic Notices.

---

## STATEMENT - OPINION

Defendants, pursuant to Fed. R. Civ. P. 26, have filed a motion to strike plaintiff's proposed evidence under Fed. R. Civ. P. 404(b), consisting of 10 witnesses disclosed as part of discovery.[1] Defendants contend that any evidence adduced from these witnesses will be inadmissible under Rule 404(b) and, therefore, further discovery is inappropriate at this stage of the proceedings. Plaintiff, in turn, maintains that it is improper to strike these witnesses at this point in the litigation because they will be offered to show Officer McCombs's modus operandi, intent, and plan of provoking citizens during police encounters in an effort to justify the use of force against them and that such evidence is relevant to show that Officer McCombs acted similarly in this case.

Under Rule 404(b), evidence of other crimes, wrongs, or acts is inadmissible to show propensity, but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, or other relevant, non-propensity purposes. Duran v. Town of Cicero, Illinois, 653 F. 3d 632, 644 (7th Cir. 2011). The admissibility of prior bad acts turns on an evaluation of four factors: (1) the evidence is directed toward establishing a matter in issue other than a defendant's propensity to commit the act charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a finding that the defendant committed the similar act; and (4) the probative value of the evidence is not outweighed by the danger of unfair prejudice. Duran, 653 F. 3d at 644.

Additionally, Rule 404(b) evidence, if otherwise proper, may be admissible to show prior instances of misconduct by a police officer related to the use of excessive force. Okai v. Verfuth, 275 F. 3d 606, 610-11 (7th Cir. 2001). Likewise, it can be proper to develop such evidence via discovery. Lanigan v. Babusch, 2011 WL 5118301, * 2 (N.D. Ill. Oct. 27, 2011); Lepianka v. Village of Franklin Park, 2004 WL 626830, * 1-2 (N.D. Ill. Mar. 26, 2004); Charles v. Cotter, 1994 WL 424144, * 2-3 (N.D. Ill. Aug. 11, 1994).

In terms of discovery, parties are allowed to obtain discovery of any unprivileged matter that is relevant to any party's claim or defense. Sauer v. Exelon Generation Co., 2012 WL 710448, * 2 (N.D. Ill.

## STATEMENT - OPINION

Mar. 5, 2012) (citing Fed. R. Civ. P. 26(b)(1)).  The federal discovery rules are designed to liberally assist in trial preparation and settlement.  <u>Sauer</u>, at * 2.  Courts, however, have the authority upon a showing of good cause to enter orders protecting a party or person from annoyance, embarrassment, oppression, or undue burden and expense.  <u>Sauer</u>, at * 2 (citing Fed. R. Civ. P. 26(c)(2)).  Nonetheless, the courts commonly look disfavorably upon significant restrictions placed upon the discovery process, and the burden of showing the discovery is improper rests upon the objecting party.  <u>Sauer</u>, at * 2.  Thus, the court has broad discretion in controlling discovery.  <u>Sauer</u>, at * 2.

Here, while the parties focus their efforts on whether the particular proposed witnesses will offer evidence in compliance with Rule 404(b) as it relates to the deposition testimony of certain other witnesses including plaintiff, the motion to strike on that basis is simply premature.  The court is not able to definitively rule at this point as to whether any of the witnesses will offer evidence that will be admissible under Rule 404(b).  Because such evidence is inherently fact based, the court must know more about what the witnesses will testify to as well as the nature of the evidence at trial related to the words and actions of Officer McCombs during the incident at issue.  To the extent defendants contend as a threshold matter that the witnesses's proposed testimony is not relevant, such argument fails at this point.[2]  There is enough indication in the various materials submitted that the witnesses are likely to offer relevant evidence as to Officer McCombs to at least permit discovery to proceed.[3]  Accordingly, the court denies the motion to strike without prejudice to defendants raising the Rule 404(b) challenge in a timely manner if otherwise appropriate.

Having so ruled, the court will permit additional discovery as to the 10 witnesses for the limited purpose of ascertaining what evidence, if any, they can offer as it related to the issue of whether Officer McCombs used words and actions during the incident in this case for the purpose of provoking plaintiff such that Officer McCombs would be justified in using force that would otherwise be excessive.  Therefore, if the parties desire to depose any of the 10 witnesses, they must do so on or before May 4, 2012.  Each deposition is to last no longer than three hours.  Finally, the parties are to be prepared to discuss scheduling a settlement conference when they appear before Magistrate Judge Mahoney on May 11, 2012.

For the foregoing reasons, the motion to strike is denied without prejudice.

1. Defendants have alternatively requested an extension of the time to complete discovery in order to depose the 10 witnesses should the court deny their motion to strike.  Plaintiff also seeks such an extension.

2. It is at least arguable that a motion to preclude discovery based on its admissibility under Rule 404(b) must necessarily be limited to the issue of relevance as the balancing of the other factors is virtually impossible at the discovery stage of a case.

3. To the extent defendants are arguing that the proposed evidence is improper as a matter of law, the above-cited cases reject such a contention.